[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 18, 1994, the victim and three friends were in Hartford, dropping off a female passenger, after attending a movie. They were at a stoplight on Charter Oak Avenue and the victim was driving. Otero was cruising the area, along with passengers, looking for rival gang members. They mistook the victim's car and the victim's jacket as belonging to the Los Solidos gang. Otero pulled alongside the vehicle and Almedina, a passenger, began shooting at the victim. The victim jumped out of the car, and Almedina continued to shoot him. A passenger in the victim's car ducked down, and pressed on the accelerator with his hands and drove away from the scene. This passenger was able to identify Almedina as the shooter and subsequent information led to Otero and his subsequent arrest on May 17, 1996.
He was sentenced after a plea to "Accessory to Manslaughter 1st with a Firearm" and "Conspiracy to Commit Assault 1st" to a total effective sentence of 20 years (concurrent).
The petitioner offered his sympathy then, and again at the present. The killing rose out of gang membership and activity. He received much consideration having been charged as he was. He was on probation at the time of the offense. This indeed was a senseless killing of a totally innocent victim who was mistakenly thought to be a member of a rival gang. Otero had been convicted of crimes related to drug sales.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentence except in CT Page 1886 accordance with the provisions of Practice Book § 43-23 et seq., and Connecticut General Statutes § 51-194 et seq.
The Division does not sit as a sentencing court. The time to present the defendant in the most favorable light is at the time of sentencing. The Division did consider remarks of his counsel. The sentence imposed is neither inappropriate nor disproportionate. In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23
et seq.
The sentence is AFFIRMED.
FORD, J.
MIANO, J.
HOLDEN, J.
Judges Ford, Miano, and Holden, participated in this decision. CT Page 1887